UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK and
PHILLIP CIRISAN,

       Plaintiffs,                      Hon. Paul L. Maloney

v.                                         Case No. 1:08-CV-262

PATRICIA CARUSO, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, (dkt. #4), and Plaintiffs' Motion for Class Certification, (dkt. #6). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiffs' motions both be **denied**.

In their complaint, Plaintiffs allege that they are adherents of the Jewish faith. Plaintiffs further allege that Defendants "denied Plaintiffs their Passover Seder observances according to the tenets of the Jewish faith." Plaintiffs assert that Defendants' conduct violates the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs now move for a preliminary injunction so that they may be "immediately allowed to observe the Passover Seder."

To obtain injunctive relief, Plaintiffs must first show that they are "being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether Plaintiffs are likely to prevail on the merits, (2) whether they would

suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

The Court finds that injunctive relief is not appropriate at this juncture. Sufficient legal remedies exist for the harms alleged in Plaintiffs' complaint. Plaintiffs have not demonstrated that they are likely to prevail on the merits in this matter. Moreover, the next Passover Seder is more than six months away. Thus, the Court finds that Plaintiffs will not suffer irreparable injury should their request be denied at this juncture. Defendants also have before the Court a motion to dismiss Plaintiffs' action on the grounds that Plaintiffs failed to properly exhaust their claims prior to initiating this action. The Court notes that Plaintiffs do not appear to dispute their failure to properly exhaust their claims.

Finally, the Court finds that granting Plaintiffs' request would not be in the public interest. From the materials submitted by Plaintiffs, it appears that prison officials did, in fact, allow prisoners to participate in a Passover Seder this past Spring. The essence of Plaintiffs' complaint appears to be that prison officials refused to acquiesce to Plaintiffs' demands as to precisely how the Passover Seder would be conducted. In other words, it does not appear that Plaintiffs are requesting that the Court order Defendants to permit prisoners to participate in a Passover Seder, but are instead asking

the Court to mandate the precise manner in which a Passover Seder must be conducted. Such would involve the Court in the day-to-day operations of the prison to an extent which is, thus far, not warranted. Accordingly, the Court recommends that Plaintiffs' motion for a preliminary injunction be **denied**.

Plaintiffs also move to have this matter certified as a class action. To obtain certification of a proposed class, Plaintiffs must satisfy the following requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Even if Plaintiffs could satisfy the first three requirements (which they have not accomplished), it is well recognized that pro se prisoners are not able to fairly represent a class of plaintiffs. *See Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir., Jan. 23, 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir., June 20, 2001). The Court, therefore, recommends that Plaintiffs' motion to certify the present matter as a class action be denied.

### CONCLUSION

As discussed herein, the Court recommends that Plaintiffs' <u>Motion for Preliminary Injunction</u>, (dkt. #4), be **denied** and, furthermore, that Plaintiffs' <u>Motion for Class Certification</u>, (dkt. #6), likewise be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                        Respectfully submitted,

Date:  August 22, 2008                     /s/ Ellen S. Carmody  
                                               ELLEN S. CARMODY  
                                               United States Magistrate Judge