UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| |
DANIEL HORACEK and PHILIP CIRISAN, | Case No. 1:08-cv-262
|
Plaintiffs, | HONORABLE PAUL L. MALONEY
|
v. | Magistrate Judge Carmody
|
PATRICIA CARUSO *et al.*, |
|
Defendants. |

---

**ORDER**

**Overruling the Plaintiffs' Objections and Adopting the R&R;
Denying the Application for a Preliminary Injunction;
Denying the Motion for Class Certification**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Carmody issued the R&R on August 22, 2008, and plaintiffs Daniel Horacek and Phillip Cirisan (collectively "Horacek") filed objections on September 2, 2008. The court finds that Horacek's objections are timely.[1]  *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b) (after receiving an R&R, parties have ten days to file objections); *see also* FED. R. CIV. P.  6(a)(1) (when calculating a time period, the period does not

---

[1]
Under W.D. MICH. LCIVR 72.3(b), the defendants had fourteen days from service of the objections to file a response thereto.  Under FED. R. CIV. P. 6(a)(1), the fourteen days began on the day after the defendants received the objections.  Under FED. R. CIV. P. 6(a)(2), the fourteen-day period includes weekends and holidays.  By any reckoning, the fourteen days have elapsed, and the defendants did not file a response or seek an extension of time in which to do so.

begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period that is shorter than eleven days, the court must exclude weekends and federal holidays). The court also finds that Horacek's objections are sufficiently specific and articulated to trigger *de novo* review of the R&R.

**The court finds the R&R to be well-reasoned and is unconvinced by Horacek's objections. First, the Magistrate correctly determined that Horacek is not entitled to a preliminary injunction.**

The Magistrate correctly noted that to obtain injunctive relief, Horacek must show that he is being threatened with a cognizable irreparable injury for which there is no adequate legal remedy (such as monetary damages). *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (Thomas, J.)). The Magistrate also subjected Horacek to the appropriate test for injunctive relief, considering (1) whether Horacek has shown a substantial likelihood that he will prevail on the merits of his claims, (2) whether there is a threat of irreparable harm to Horacek if the injunction does not issue, (3) whether issuance of the injunction would substantially harm others, and (4) whether issuance of the injunction would serve the public interest. *See Hilliard v. Clark*, 2007 WL 2589956, *3 (W.D. Mich. Aug. 31, 2007) (Maloney, J.) (citing *Warshak v. US*, 490 F.3d 455, 465 (6th Cir. 2007)).[2]

---

[2]

Two circuits hold that likely success on the merits is a *sine qua non* of injunctive relief. *See Am. Fed'n of Gov't Employees, AFL-CIO v. US*, 104 F. Supp.2d 58, 64 (D.D.C. 2000) ("*AFGE*"); *Wine & Spirits Retailers, Inc. v. RI*, 418 F.3d 36, 46 (1st Cir. 2005) ("The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become a matter of idle curiousity."). The rationale is that "'[w]ithout such a substantial indication, 'there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review.'" *AFGE*, 104 F. Supp.2d at 64 (quoting *Am. Bankers Ass'n v. NCUA*, 38 F. Supp.2d 114, 141 (D.D.C. 1999) (quoting *Wash. Metro. Area Transit Auth. v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977))).

Most significantly, the defendants have moved to dismiss the complaint for failure to exhaust administrative remedies, and the Magistrate noted that Horacek does not appear to dispute that the plaintiffs had not fulfilled their duty to exhaust such remedies before filing the complaint.  *See* R&R at 2.  Indeed, in his objections, Horacek *still* does not claim that the plaintiffs exhausted their administrative remedies before coming to court.  In its entirety, Horacek's objection to this portion of the R&R reads as follows:

---

*Accord Champion Parts Rebuilders, Inc. v. Cormier Corp.*, 661 F. Supp. 825, 849 n.52 (N.D. Ill. 1987) ("[T]he merits inquiry may be viewed as the most critical. [A] failure on that score is immediately fatal to plaintiff.") (citing *O'Connor v. Bd. of Ed. of Sch. Dist. No. 23*, 645 F.2d 578, 580 (7th Cir. 1981)); *San Miguel v. DPW*, 2008 WL 541150, *5 (S. Ct. Guam Terr. Feb. 20, 2008).

Our Circuit has not yet expressly called the likelihood of success on the merits the *sine qua non* of preliminary injunctive relief.  It has held, however, that it was not error to dispense with analysis of the other three factors where the movants made a weak showing on the merits:

> Because the district court found . . . that the plaintiffs did not have a substantial likelihood of success on the merits . . . [it] did not make findings on the record with respect to the remaining three factors to be considered when determining whether a preliminary injunction should issue.  Since the district court apparently considered that the failure of the plaintiffs to show a likelihood of success on the merits was significant enough to prevent the injunction from issuing, the additional findings were not necessary.  *See generally American Imaging Servs., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 862 (6th Cir. 1992) (stating that the district court is not required to make findings on factors that are not dispositive with respect to the issuance of a preliminary injunction); 11A [Wright, Miller, and Kane], FEDERAL PRACTICE & PROCEDURE § 2948.3, at 184-188 (2d ed. 1995) (noting that the plaintiff must generally show at least some probability of success on the merits in order to obtain a preliminary injunction).

*Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (¶ break added).  *See also Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) ("[A] district court is not required to make specific findings concerning each of the four factors used [in federal courts] in determining a motion for preliminary injunction if fewer factors are dispositive of the issue."); *Abbey v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) ("a finding of no likelihood of success 'is usually fatal'") (quoting *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir 2000)).  For a recent summary of all the circuits' standards for preliminary injunctive relief, *see Abbott Labs. v. Sandoz, Inc.*, – F.3d –, –, 2008 WL 4636167, *22-24 (Fed. Cir. 2008).

3

Plaintiffs object to the Magistrate's Report and Recommendation, page 2, paragraph 3, whereby the Magistrate Judge discusses that the defendants have filed a motion to dismiss plaintiffs['] action for failure to exhaust administrative remedies and that Plaintiffs allegedly do not dispute this defense allegation.

Plaintiffs['] motion for Preliminary Injunction and Plaintiffs['] Complaint are two separate proceedings before this Court, albeit involving the same issues and defendants.  Whether the Court decides to dismiss Plaintiffs Complaint should not preclude the Plaintiffs from obtaining preliminary protective injunctive relief.

Plaintiffs have filed with the Court their Response to the defendants motion to dismiss whereby they set forth their argument that in order for the Court to issue a preliminary injunctive order, no exhaustion of administrative remedies is required pursuant to the PLRA, as the All Writs Act gives this Court the authority to issue preliminary injunctive protection pending the exhaustion of administrative remedies.  See, *West v. Bell*, 242 F.3d 347 (6th Cir) ("A federal court has the power under the All Writs Act to issue injunctive orders in a case *even before the court[']s jurisdiction has been established*.") (emphasis added); *FTC v Dean Foods Co.*, 384 U.S. 597, 604 . . . (1966). [citation to D.C. Cir. Decision omitted]  The PLRA and [its] exhaustion provisions apply only to the filing of prisoner Complaints/lawsuits, not to preliminary protective injunctive relief.  A Motion for Preliminary Injunction is not a suit.

Horacek's Objections at 5-6 (paragraph breaks added).

Horacek's misconstrues the Magistrate's reasoning.  The Magistrate did not state that the exhaustion requirement deprives this court of authority, under the All Writs Act or otherwise, to issue a preliminary injunction in this case.  Rather, because Horacek has made no attempt to show that the plaintiffs exhausted their administrative remedies, it appears that they are certain *not* to succeed on the merits of their complaint.  That is because of the well-established rule that "'exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court.'" *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Jones v. Bock*, 549 U.S. 199, –, 127 S.Ct. 910, 918-19 (2007) (citation omitted)).  In other words, on the current record, it appears that the court will be obligated to dismiss the complaint for failure to exhaust administrative remedies.  With such an inadequate showing on the likelihood-of-success factor, it is appropriate

to deny the preliminary-injunction application without even considering the other three factors. Our Court of Appeals affirmed the denial of preliminary-injunctive relief in a strikingly similar PLRA case. The panel wrote:

> Seeking monetary and injunctive relief, [plaintiffs] sued multiple prison officials contending that they were being denied their right to freely exercise their religion. * * *
>
> [Several plaintiffs] have appealed . . . contending that the district court erred in denying their request for a temporary restraining order and Miller's request for a preliminary injunction.
>
> * * *
>
> Miller's request for injunctive relief concerns the defendants' alleged interference with his practice of satanic worship. However, as the district court noted, Miller failed to exhaust his available administrative remedies. The prisoner must exhaust all available administrative remedies prior to instituting a federal action. 42 U.S.C. § 1997e(a); *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). As Miller failed to exhaust his available administrative remedies, he failed to satisfy the preliminary requirement of even bringing a federal action. Thus, *by not satisfying the initial hurdle of filing a proper complaint, Miller failed to demonstrate that he could succeed on the merits of his arguments.* Further, Miller has not shown how he would be irreparably harmed without the injunction or how the injunction would advance [the] public interest. *Thus, the district court did not err in denying Miller a preliminary injunction.*

*Hafer v. Webb*, 79 F. App'x 147, 149 (6th Cir. 2003) (p.c.) (Gilman, Daughtrey, M.D. Tenn. D.J. William J. Haynes, Jr.). To the same effect is *Russell v. Meese*, No. 87-6011, 848 F.2d 193, 1988 WL 41983 (6th Cir. May 4, 1988) (p.c.) (Krupansky, Boggs, Bailey Brown), where a group of inmates brought a *Bivens*-type action in federal court based on the claim that physical conditions in their state prison were so lacking as to violate the Eighth Amendment's prohibition on cruel and unusual punishment. *Russell*, 1988 WL 41983 at *1. In conjunction with their complaint, the inmates applied for a preliminary injunction and moved for certification of a class action. The district court denied the application and the motion, and our Circuit affirmed. The panel held, "[T]he district court correctly determined that an injunction is not warranted at this time as

5

plaintiffs' failure to exhaust administrative remedies available to them renders it unlikely that they will ultimately succeed on the merits of their claim." *Id.* at \*1 (citing *Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987)).  *See also Morgan v. Tenn. Dep't of Corrs.*, 92 F. App'x 302, 304 (6th Cir. 2004) (p.c.) (Merritt, Daughtrey, E.D. Ky. D.J. Joseph Hood) (affirming denial of preliminary injunction; prisoner failed to show likelihood of success on the merits of complaint because he failed to plead the exhaustion of administrative remedies).[3]

Finally, the Magistrate's conclusion that Horacek will not be irreparably harmed absent issuance of the preliminary injunction is logical, given that the next Passover holiday is still months away.  *Cf. Gay v. Bd. of Registration Comm'rs*, 466 F.2d 879, 883 (6th Cir. 1972) (plaintiff sought preliminary injunction allowing her to vote in November 1971 election; district court denied preliminary injunction, noting, "no irreparable harm would result from such a course in that the November (1971) election is now in the past, and some five months remain before the May (1972) primary.").  Horacek's objections to this portion of the R&R do not persuasively rebut this sound rationale, *see* Objections at 4-5, and the failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief.  *See Hacker v. Federal BOP*, 2006 WL 2559792, \*8 (E.D. Mich. Sept. 1, 2006) (Lawson, J.) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction.  Therefore, the Court need not evaluate the other factors.").

---

[3]

*See also Eberle v. Wilkinson*, 2007 WL 128998, \*2-3 (S.D. Ohio Jan. 11, 2007) (Norah McCann King, M.J.) ("Blankenship's claims of denial of access to the courts, harassment and retaliation are all grievable complaints but Blankenship has not established that he exhausted these claims through available administrative procedures. \* \* \*  Blankenship will not be permitted to forgo required administrative procedures available to him and bring his grievances directly to this Court in the context of a motion for interim injunctive relief.").

In light of Horacek's weak to non-existent showing on the likelihood-of-success factor and weak showing on the irreparable-harm factor – either of which alone justifies denial of the preliminary injunction – the Magistrate was right to recommend that outcome.  *See Edwards v. Burnett*, 2006 WL 1983236, *2 (E.D. Mich. July 12, 2006) (Paul Borman, J.) ("Given the impossibility of Plaintiff's success on the merits, and the lack of showing of irreparable harm, it is not necessary to discuss the other two factors – substantial harm to others and the public interest.").

**Horacek also objects to the recommendation that his motion for class certification be denied.  His objection on this score is unpersuasive as well.**  Even if Horacek could satisfy the numerosity, typicality, and commonality requirements of FED. R. CIV. P. 23, *see* Objections at 8-9, Horacek does nothing to refute this Circuit's long-established rule that *pro se* parties who lack legal training are not proper representatives of a class.  *See Howard v. Dougan*, No. 99-2232, 221 F.3d 1334, 2000 WL 876770, *1 (6th Cir. June 23, 2000) (p.c.) (Ryan, Siler, Clay) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."), *reh'g denied*, 2000 WL 1206591 (6th Cir. Aug. 17, 2000), *cert. denied*, 532 U.S. 948 (2001); *Hammond v. O'Dea*, No. 91-5089, 932 F.2d 968, 1991 WL 78161, *2 (6th Cir. May 14, 1991) (p.c.) (Krupansky, Milburn, Contie) ("*[P]ro se* prisoners are not adequate representatives fairly able to represent the class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("It is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).[4]  Judge Breen of the Western District

---

[4]

*See also Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (p.c.) (Gilman, Gibbons, N.D. Ohio D.J. Peter Economus) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)), *cert. dismissed*, 540 U.S. 943 (2003);

*Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (p.c.) (Ryan, Cole, S.D. Ohio D.J.

of Tennessee aptly explained the reasons for this rule:

> Just as a *pro se* plaintiff cannot represent another named individual, a *pro se* plaintiff cannot prosecute a class action.  * * *  The plaintiff is not a licensed attorney, cannot carry [professional malpractice] insurance, and is not subject to suit by the other class members for any mistakes she may make in handling this case.  Other potential class members should not be exposed to the risk that those errors could prejudice their claims and leave them without any remedy.

*Powers v. NWA, Inc.*, 2006 WL 456184, *2 (W.D. Tenn. Feb. 23, 2006) (internal citations omitted), *recon. denied*, 2006 WL 984738 (W.D. Tenn. Apr. 13, 2006).  *Accord* 7A Wright, Miller & Kane, FED. PRAC. & PROC. CIV.3d § 1769.1, text with nn. 12-14 (2008 Supp.).

Instead, Horacek theorizes that the court could certify a class and appoint counsel for the class, apparently at taxpayer expense, pursuant to FED. R. CIV. P. 23(g).  *See* Horacek's Objections at 9.  But it is well-settled that there is no constitutional right to counsel in a civil case.  *Brown v. City of Detroit*, 47 F. App'x 339, 341 (6th Cir. 2002) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981)).  More specifically, our Circuit has held that "there is no right to counsel in prisoner civil rights cases."  *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)), and "[t]he appointment of counsel in a civil proceeding

---

Algenon Marbley);

*Ballard v. Campbell*, No. 98-6156, 191 F.3d 451, 1999 WL 777435, *1 (6th Cir. Sept. 21, 1999) (p.c.) (Wellford, Suhrheinrich, Cole);

*Marr v. Michigan*, No. 95-1794, 89 F.3d 834, 1996 WL 205582, *1 (6th Cir. Apr. 25, 1996) (p.c.) (Merritt, Engel, Ryan);

*Holmes v. MDOC*, No. 85-1464, 805 F.2d 1034, 1986 WL 18651, *2 (6th Cir. 1, 1986) (p.c.) (Merritt, Guy, Norris) ("Courts have held that *pro se* prisoners are not adequate class representatives able to fairly represent the class.") (citing, *inter alia*, *Inmates of Wash. Cty. Jail v. England*, 516 F. Supp. 132 (E.D. Tenn. 1980), *aff'd w/o op.*, No. 81-5020, 659 F.2d 1081 (6th Cir. May 12, 1981));

*Ketzner v. Williams*, 2008 WL 4534020, *5 (W.D. Mich. Sept. 30, 2008) (Bell, J.)

is justified only by exceptional circumstances."  *Bennett*, 110 F. App'x at 635 (citing *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993)).

Horacek has not shown any such extraordinary circumstances here.  *Cf. Hinton v. Parsons*, 73 F. App'x 872 (6th Cir. 2003) (finding no exceptional circumstances to justify appointment of counsel in prisoner civil-rights case); *contrast Johnson v. Howard*, 20 F. Supp.2d 1128 (W.D. Mich. 1998) (Enslen, J.) (extraordinary circumstances justified appointment of counsel for *pro se* prisoner in § 1983 civil-rights case where prisoner alleged that he was physically beaten by one prison guard during a cell transfer while a second guard stood by and watched, and a "prison policy which bars plaintiff from searching for potential witnesses creates an unusual barrier to adequate investigation, preparation and presentation of his claim", which was colorable).[5]

## ORDER

Accordingly, having reviewed the complaint, the application for a preliminary injunction, the motion for certification of a class action, the R&R, and the plaintiffs' objections to the R&R, the court hereby **OVERRULES** the plaintiffs' objections and **ADOPTS** the R&R [document #27].

The plaintiffs' application for a preliminary injunction [document #4] is **DENIED**.

The plaintiffs' motion for certification of a class action [document #6] is **DENIED**.

This is <u>not</u> a final order.

---

[5]

Nor is the court obligated to hold this case in abeyance while Horacek attempts to procure counsel.  *See Anderson v. Sheppard*, 856 F.2d 741, 751-52 (6th Cir. 1988) ("As to the denial of a continuance, we have here a matter which is quintessentially within a district judge's discretion. The constitutional law, and our cases, are quite clear on this point.  A civil plaintiff has no right to appointed counsel.  Plaintiff has a right to a counsel, if he can procure one, and the trial court may not prevent the appearance of such counsel.  However, the trial judge is not required to wait any particular period of time while a party attempts to procure one.").

**IT IS SO ORDERED this 30th day of October 2008.**

/s/ Paul L. Maloney_____
Honorable Paul L. Maloney
Chief United States District Judge