UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK and
PHILLIP CIRISAN,

        Plaintiffs,                          Hon. Paul L. Maloney

v.                                             Case No. 1:08-CV-262

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Exhaust. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and Plaintiffs' action be **dismissed**.

## BACKGROUND

In their complaint, Plaintiffs allege that they are adherents of the Jewish faith. Plaintiffs further allege that Defendants "denied Plaintiffs their Passover Seder observances according to the tenets of the Jewish faith." Plaintiffs assert that Defendants' conduct violates their rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as the Equal Protection Clause of the Fourteenth Amendment. Defendants Caruso, Howes, Beckwith, and Tompkins now move for the dismissal of Plaintiffs' complaint on the grounds that Plaintiffs have not properly exhausted the claims asserted therein.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. S<small>CHWARZER</small>, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 J<small>AMES</small> W<small>ILLIAM</small> M<small>OORE</small>, <small>ET AL</small>., M<small>OORE'S</small> F<small>EDERAL</small> P<small>RACTICE</small> § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Exhaustion Standard**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386-87 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary

> in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 127 S.Ct. at 922-23.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 126 S.Ct. at 2384. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). In the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 126 S.Ct. at 2387. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), an inmate's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005),

*cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Furthermore, as the Sixth Circuit has recognized, the "plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal court." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Accordingly, a prisoner plaintiff must pursue all levels of the administrative procedure *before* filing an action in federal court and "may not exhaust administrative remedies during the pendency of the federal suit." *See Freeman*, 196 F.3d at 645 ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Poor v. Grayson*, 46 Fed. Appx. 825, 826 (6th Cir., Sept. 17, 2002); *Crump v. Perttu*, 2008 WL 680402 at *5 (W.D. Mich., Mar. 7, 2008). In short, a prisoner plaintiff must complete the administrative grievance process before initiating an action in federal court. *See Freeman*, 196 F.3d at 645; *Grayson*, 46 Fed. Appx. at 826; *Crump*, 2008 WL 680402 at *5.

Defendants assert that Plaintiffs' complaint must be dismissed because they failed to properly exhaust their administrative remedies. Specifically, Defendants allege that Plaintiffs initiated the present action prior to completing the prison grievance process. In their complaint, Plaintiffs acknowledge that they failed to exhaust their administrative remedies prior to initiating the present

action. (Dkt. #1 at ¶ 32). In their response to the present motion, Plaintiffs again acknowledge their failure to properly exhaust their administrative remedies. (Dkt. #22). Plaintiffs nonetheless argue that the Court should overlook their failure to comply with the mandatory exhaustion requirement.

Plaintiffs first assert that the Court possesses the authority to issue injunctive relief even if the underlying claims have not been properly exhausted. Even assuming this is accurate, Plaintiffs have failed to demonstrate that they are entitled to injunctive relief, as the Honorable Paul L. Maloney recently rejected Plaintiffs' request for injunctive relief. (Dkt. #30). Plaintiffs next assert that they are not required to complete the exhaustion process if doing so would constitute a hardship or "leave Plaintiffs in an emergency situation." Plaintiff has identified no authority supporting the proposition that the exhaustion requirement articulated in the Prison Litigation Reform Act (PLRA) is subject to any such exceptions. The Court is unaware of any such exceptions or authority supporting such. Moreover, even if such authority existed, Plaintiffs have failed to establish that it would have constituted a hardship to properly exhaust their claims prior to initiating this action or that such would have placed them "in an emergency situation." In sum, the PLRA's exhaustion requirement is mandatory and as Plaintiffs acknowledge, Plaintiffs initiated the present action prior to completing the prison grievance process. Accordingly, the Court recommends that Plaintiffs' action be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

As discussed herein, the Court recommends that <u>Defendants' Motion to Dismiss for Failure to Exhaust</u>, (dkt. #18), be **granted** and Plaintiffs' action be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 26, 2008                                  /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge